IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEDRIC JAMAR DEAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO. 1:24-cv-505-ECM-JTA |
| RICHARD SPIVEY, | ) ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate confined at the Montgomery County Detention Facility in Montgomery, Alabama, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and sought leave to proceed *in forma pauperis* (Doc. 2). However, Plaintiff failed to submit any information regarding his inmate account.

By Order entered August 26, 2024, the court thus directed Plaintiff to "file a prison account statement from the inmate account clerk showing the average monthly balance in his account and the average monthly deposits to his account for the six-month period immediately preceding the filing of the Complaint." (Doc. 3 at 1-2.) Plaintiff further was cautioned that "if he fails to comply with this Order, the undersigned Magistrate Judge will recommend dismissal of his case." (*Id*. at 2).

Despite such instruction and admonition, and despite a deadline of September 9, 2024, Plaintiff still has not provided the court with a proper inmate account statement or, alternatively, paid the required fees. The court views such a failure as demonstrating Plaintiff's lack of interest in the continued prosecution of this action, which cannot proceed

absent Plaintiff's participation. Under the circumstances presented where Plaintiff has willfully failed to comply with the court's directives, the undersigned finds that any lesser sanctions than dismissal would not be appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where a litigant has been forewarned); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, the Magistrate Judge hereby RECOMMENDS that this action be dismissed without prejudice for want of prosecution.

It is further ORDERED that any objections to this Recommendation must be filed by **October 16, 2024.** An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or

adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this the 2nd day of October, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE